# Exhibit 6

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### CERTIFICATE OF EFS WEB TRANSMISSION

*I hereby certify that this correspondence is being electronically filed with the United States Patent and Trademark Office on October 16, 2018 at or before 11:59 p.m. Pacific Time under the Rules of 37 CFR § 1.8.*

/Tess Langseth-DePaolis/
Tess Langseth-DePaolis

| | | |
|---|---|---|
| Appl No. | : 15/144,776 | Confirmation No. 9215 |
| Applicant | : Sonic IP, Inc. | |
| Filed | : May 2, 2016 | |
| Title | : Multimedia Distribution System for Multimedia Files with Interleaved Media Chunks of Varying Types | |
| TC/A.U. | : 2481 | |
| Examiner | : David E. Harvey | |
| Docket No. | : D1-00053.CON2 | |
| Customer No. | : 71897 | |

## AMENDMENT

Mail Stop RCE
Commissioner for Patents                    2190 S. Towne Centre Place, Suite 300
P.O. Box 1450                                             Anaheim, CA  92806
Alexandria, VA 22313-1450                                    October 16, 2018

Commissioner:

In response to the Office Action mailed May 16, 2018, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1.      (Currently Amended) A system for decoding multimedia files comprising:

at least one [[a]] processor ~~configured by software to extract information from the multimedia file~~;

a non-volatile storage containing a decoder application;

wherein the decoder application causes the at least one processor to perform the steps of:

receiving at least a portion of a multimedia file, wherein:

the received at least a portion of the multimedia file comprises at least one video track encoded as a plurality of video chunks, a set of digital rights management (DRM) chunks, and an index chunk;

at least one video chunk of the plurality of video chunks contains at least one partially encrypted frame of video so that only a portion of the encoded frame is encrypted;

~~wherein~~ each DRM chunk of the set of DRM chunks comprises DRM information to decrypt~~decode~~ at least one partially encrypted frame of video in at least one video chunk of the plurality of video chunks;

the DRM information comprises an offset value that points to the start of an encrypted block within an encoded frame and a number value that indicates the number of encrypted bytes in the encrypted block;

~~wherein~~ the index chunk includes information concerning the location of data chunks within the multimedia file including the

2

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

locations of video chunks from the at least one video track ~~and the locations of DRM chunks from the set of DRM chunks~~ ; and

for each chunk of the plurality of video chunks:

determining ~~wherein the processor is configured to decode~~ whether the video chunk contains at least one partially encrypted frame of video ~~and identify~~;

when a video chunk contains a partially encrypted frame of video, identifying a corresponding one of the set of DRM chunks that contains the DRM information for the partially encrypted frame of ~~decoded~~ video ~~chunk using the index chunk~~, demultiplexing the partially encrypted frame from the video chunk, and decrypting the partially encrypted frame of video using the offset and number values from the DRM information for the partially encrypted frame of video; and

decoding ~~wherein the processor is configured by software to construct~~ at least one encoded frame of video for display.

2.    (Previously Presented) The system of claim 1, wherein each DRM chunk is identified by a FOURCC code.

3.    (Previously Presented) The system of claim 2, wherein the FOURCC code identifies a track number associated with the DRM chunk.

4-5.    (Canceled)

6.    (Currently Amended) The system of claim [[5]]1, wherein the DRM chunk further comprises a reference to a ~~DRM~~ decryption key that can be used to decrypt [[the]]an encrypted portion of a partially encrypted frame of video.

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

7.      (Currently Amended) The system of claim 1, wherein at least one ~~unencrypted~~ video chunk of the plurality of video chunks does not have a corresponding DRM chunk in the set of DRM chunks.

8.      (Currently Amended) The system of claim 1, wherein the location of a particular DRM chunk [[for]]<u>corresponding to</u> a particular video chunk is dependent upon an amount of buffering provided within the system.

9.      (Currently Amended) A system for encoding multimedia files comprising:
         ~~a non-transitory memory storing an encoding application;~~
         a network interface;
         <u>at least one</u> [[a]] processing unit<u>;</u>
         <u>a non-transitory memory storing an encoding application</u>, wherein<u>,</u> ~~upon execution,~~ the encoding application ~~directs the processing unit to~~ <u>causes the at least one processing unit to encode multimedia files by performing the steps of</u>:

                  obtain<u>ing</u> source media using the network interface, wherein the source media comprises video ~~and digital rights management (DRM) information for the video~~;

                  encoding <u>~~encode~~</u> at least one video track as a plurality of video chunks, the video chunks being portions of the at least one video track, the video track comprising a series of encoded video frames<u>:</u>

                  <u>~~, wherein~~partially encrypting</u> at least ~~a portion of the plurality of video chunks are encoded with the DRM information,~~ <u>some of the encoded frames of video so that only portions of the encoded frames of video are encrypted</u>;

                  encoding <u>~~encode~~</u> the DRM information as a set of DRM chunks, wherein<u>:</u>

                           each DRM chunk <u>of the set of DRM chunks</u> comprises DRM information to <u>decrypt</u><del>decode</del> at least one partially encrypted frame of video in <u>at least one</u> video chunk of the plurality of video chunks; <u>and</u>

4

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

the DRM information comprises an offset value that points to the start of an encrypted block within an encoded frame and a number value that indicates the number of encrypted bytes in the encrypted block;

interleaving interleave the video chunks and DRM chunks so that a DRM chunk for decrypting at least one partially encrypted frame within a encoding a particular video chunk is located before the particular video chunk; and

encoding encode at least one index chunk that includes information concerning the locations of video chunks and the locations of DRM chunks within the multimedia file;

writing [[write]] the interleaved chunks to at least one single multimedia file; and

transmitting transmit the single at least a portion of the at least one multimedia file using the network interface.

10.    (Previously Presented) The system of claim 9, wherein each DRM chunk is identified by a FOURCC code.

11.    (Previously Presented) The system of claim 10, wherein the FOURCC code identifies a track number associated with the DRM chunk.

12-13. (Canceled)

14.    (Currently Amended) The system of claim [[13]]9, wherein the DRM chunk further comprises a reference to a decryptionDRM key that can be used to decrypt [[the]]an encrypted portion of a partially encrypted frame of video.

15.    (Currently Amended) The system of claim 9, wherein at least one unencrypted video chunk of the plurality of video chunks does not have a corresponding DRM chunk in the set of DRM chunks.

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

16.     (Currently Amended) The system of claim 9, wherein the location of the DRM chunk for <u>decrypting a</u> ~~decoding the~~ particular video chunk is dependent upon a[[n]] <u>predetermined</u> amount of buffering ~~provided within the system~~.

17.     (New) The system of claim 9, wherein the at least one index chunk further comprises locations of DRM chunks within the multimedia file.

18.     (New) The system of claim 9, wherein writing the interleaved chunks to at least one multimedia file comprises writing the interleaved chunks to a single multimedia file.

19.     (New) The system of claim 1, wherein the at least one index chunk further comprises locations of DRM chunks within the multimedia file.

20.     (New) The system of claim 6, wherein the decoder application causes the at least one processor to perform the steps of:
        requesting at least a portion of the multimedia file from a first server system; and
        requesting a decryption key referenced in a DRM chunk from the set of DRM chunks from a second server system.

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

## REMARKS/ARGUMENTS

### Summary of Amendments

Claims 1-16 were previously pending in this application. Claims 1, 6-9, and 14-16 are amended. Claims 4, 5, 12, and 13 were canceled. Claims 17-20 are newly added. Claims 1-3, 6-11, and 14-20 are currently pending in this application. Support for the amendments and newly added claims can be found throughout the above referenced application including in FIG. 2.9 and the accompanying description on p. 50, line 13 – p. 51, line 25 and in FIG. 4.0 and the accompanying description on p. 97, lines 16 – 26 and p. 98, lines 16 – 20.  Additional support can also be found on p. 94, line 20 – p. 96, line 27. Applicant submits that no new matter has been added in the amendments.

### Summary of the Office Action

The Office action dated May 16, 2018 (hereinafter "Office action") contains the following rejections:

- Claims 1, 4-9, and 12-16 are rejected under 35 U.S.C. § 103(a) as being unpatentable over U.S. Patent number 7,120,250 issued to Candelore ("Candelore patent") in view of U.S. Patent Publication number 2007/0168287 McCarthy et al. ("McCarthy publication").
- Claims 2, 3, 10, and 11 are rejected under 35 U.S.C. § 103(a) as being unpatentable over the Candelore patent in view of the McCarthy publication, further in view of U.S. Patent number 5,765,164 issued to Prasad ("Prasad patent").

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

### The Candelore Patent

The Candelore patent describes a content distribution system for multiple digital rights management schemes.  The Candelore patent discloses the following file format:



The Candelore patent describes the file format shown in FIG. 2 as follows:

Content can be arranged for delivery to the customer as a file similar to that depicted in FIG. 2. In this file structure, the file delivered to the customer is stored with selected portions multiply encrypted. In one example, not intended to be limiting, if the content is stored as MPEG data, one can encrypt all of the MPEG I frames or video slice headers to achieve a substantial level of encryption without need to encrypt the entire file. Any other suitable selective encryption arrangement can also be used without limitation. Once a selected portion of the audio and/or video is selected for encryption, the selected portions are duplicated and encrypted. In this example, the selected portions are encrypted under an encryption arrangement consistent with DRM A in one case and consistent with DRM B in the other. The content is then reassembled with the duplicated encrypted content replacing the original clear content. (Note that in other scenarios, content can be stored encrypted or unencrypted and the file processed and constructed for delivery to the customer "on the fly".)

Candelore patent, col. 4, ln. 65 – col. 5, ln. 17.

The Candelore patent describes a variety of approaches for selecting the portions of the file to encrypt:

In accordance with certain embodiments consistent with the present invention, the selected video data to be encrypted may be any individual one or combination of the following (described in greater detail in the above applications): video slice headers appearing in an active region of a video frame, data representing an active region of a video frame, data in a star pattern within the video frame, data representing scene changes, I Frame packets, packets containing motion vectors in a first P frame following an I Frame, packets having an intra_slice_flag indicator set, packets having an intra_slice indicator set, packets containing an intra-coded macroblock, data for a slice containing an intra-coded macroblock, data from a first macroblock following the video slice header, packets containing video slice headers, anchor data, and P Frame data for progressively refreshed video data, data arranged in vertical and or horizontal moat patterns on the video frame, and any other selected data that renders the video and/or audio difficult to utilize. Several such techniques as well as others are disclosed in the above-referenced patent applications, any of which (or other techniques) can be utilized with the present invention to encrypt only a portion of the content.

Candelore patent, col. 3, ln. 35 – 60.

The Candelore patent relies upon a set of video encryption pointers to identify portions of the encrypted file. The video encryption points are shown in FIG. 3 of the Candelore patent, which is reproduced below.



9

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

FIG. 3 of the Candelore patent is described as follows:

> The relationship between the video data 210 and video encryption pointers 218 is illustrated in FIG. 3. Pointers are stored that point to encrypted portions of the video data in the file. Such encrypted portions are shown as 304, 308 and 312. Such encrypted portions are interspersed with portions of data stored unencrypted (In the clear) shown as 320, 324, 328 and 332. Of course this illustration is quite simplified since only a small number of encrypted segments are shown compared to the likely large number of encrypted segments. In this illustration, each encrypted segment is illustrated to be the same size (i.e., the encryption quanta), but this is not to be interpreted as limiting.
>
> …
>
> In each case, the number of bytes to be encrypted can be predefined if desired as the encryption quanta so that the encryption pointers can be simply a sequence of memory offset locations. The amount of data encrypted is then determined by a preset encryption quanta (e.g., 8 bytes). In other embodiments, the encryption pointer section can include not only a starting offset but also an ending offset or a starting offset and a number of bytes.

Candelore patent, col. 5, ln. 32 – 63.

### Rejection of claims 1-3, 6-11, and 14-18 under 35 U.S.C. § 103

<u>Claim 1</u>

Applicant respectfully submits that the prior art of record does not disclose or suggest the system of amended claim 1. Specifically, amended claim 1 recites a system for decoding multimedia files that receives at least a portion of a multimedia file that includes "at least one video track encoded as a plurality of video chunks, a set of digital rights management (DRM) chunks, and an index chunk" (claim 1). Importantly, "each DRM chunk of the set of DRM chunks comprises DRM information to decrypt at least

one partially encrypted frame of video" and "the DRM information comprises an offset value that points to the start of an encrypted block within an encoded frame and a number value that indicates the number of encrypted bytes in the encrypted block" (claim 1).   The system of claim 1 uses the DRM information "when a video chunk contains a partially encrypted frame of video" by "decrypting the partially encrypted frame of video using the offset and number values from the DRM information for the partially encrypted frame of video" after "demultiplexing the partially encrypted frame of video from the video chunk" (claim 1).  Applicant respectfully submits that the prior art of record taken alone or in combination does not disclose or suggest such a system.

The statement of the rejection of previously pending claim 1 primarily relies upon the Candelore patent.   As an initial observation, the Candelore patent describes a variety of approaches for identifying segments of video or portions of a file to encrypt. The Candelore patent does not, however, appear to disclose partial encryption of encoded frames of video by encrypting at least one block of data within the partially encrypted frame so that only a portion of the encoded frame is encrypted. Specifically, the Candelore patent discloses encrypting: packets based upon the content of the packet (i.e. "I Frame packets, packets containing motion vectors in a first P frame following an I Frame, packets having an intra_slice_flag indicator set, packets having an intra_slice indicator set, packets containing an intra-coded macroblock,... packets containing video slice headers"); portions of unencoded frames of video (i.e. "data representing an active region of a video frame, data in a star pattern within the video frame, data representing scene changes... data arranged in vertical and or horizontal moat patterns on the video frame"); encoded frames (i.e. "P Frame data for progressively refreshed video data"); and structures within encoded frames that are identified by partially decoding the frames (i.e. "data for a slice containing an intra-coded macroblock, data from a first macroblock following the video slice header, ... anchor data" and "video slice headers appearing in an active region of a video frame").  *See* Candelore patent, col. 3, ln. 35 – 60.

The failure of the Candelore patent to teach partial encryption of encoded frames of video by encrypting at least one block of data within the partially encrypted frame so

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

that only a portion of the frame is highlighted by the Candelore patent's failure to disclose DRM information including "an offset value that points to the start of an encrypted block **within an encoded frame**" as recited in claim 1 (emphasis added). Instead, the Candelore patent discloses pointers that point to the location of encrypted portions of the video data relative to the file. *See* Candelore patent col. 5, line 32 – 35. As noted above, the system of claim 1 "demultiplexing the partially encrypted frame from the video chunk" prior to decryption (claim 1).  Therefore, the pointers of Candelore that reference a location of an encrypted portion of a file cannot be directly and efficiently used to identify an encrypted block within an encoded frame after the partially encrypted frame of video has been extracted from the file.  Accordingly, neither the Candelore patent taken alone nor in combination with the prior art of record discloses a "system for decoding multimedia files... wherein the decoder application causes the at least one processor to perform the steps of: ... when a video chunk contains a partially encrypted frame of video, identifying a corresponding one of the set of DRM chunks that contains the DRM information for the partially encrypted frame of video, demultiplexing the partially encrypted frame from the video chunk, and decrypting the partially encrypted frame of video using the offset and number values from the DRM information for the partially encrypted frame of video" and then decoding the decrypted frame of encoded video for display as recited in claim 1.

In view of the above, Applicant respectfully submits that claim 1 is allowable in view of the prior art of record and requests withdrawal of the rejection of claim 1.

<u>Claims 2, 3, 6-8, 19 and 20</u>

Claims 2, 3, 6-8, 19 and 20 depend on claim 1. For reasons including those outlined above with respect to claim 1, Applicant respectfully submits that claims 2, 3, 6-8, 19 and 20 are allowable.

<u>Claim 9</u>

Applicant respectfully submits that claim 9 is allowable over the prior art of record taken alone or in combination based upon reasons similar to those outlined above.

APPLN NO. 15/144,776
REPLY TO OFFICE ACTION OF MAY 16, 2018

Specifically, the Candelore patent's failure to disclose partial encryption of encoded frames of video by encrypting at least one block of data within the partially encrypted frame so that only a portion of the frame is encrypted or DRM information that includes "an offset value that points to the start of an encrypted block **within an encoded frame**" as recited in claim 9 (emphasis added). In addition, the Candelore patent also fails to disclose "interleaving the video chunks and DRM chunks so that a DRM chunk for decrypting at least one partially encrypted frame within a particular video chunk is located before the particular video chunk" as recited in claim 9. Instead, FIG. 3 of the Candelore patent shows placing the pointers that "point to encrypted portions of the video data in the file" before the video data, which includes "encrypted portions... interspersed with portions of data stored unencrypted" but not interleaved with DRM chunks in the manner recited in claim 9.

Applicant respectfully submits that claim 9 is allowable in view of the prior art of record and requests withdrawal of the rejection of claim 9.

<u>Claims 10, 11, and 14-18</u>

Claims 10, 11, and 14-18 depend on claim 9. For reasons including those outlined above with respect to claim 9, Applicant respectfully submits that claims 10, 11, and 14-18 are allowable.

**Conclusion**

In view of the foregoing amendments and remarks, it is respectfully submitted that this application is in condition for allowance. Accordingly, reconsideration of the application and allowance of the claims are respectfully requested. Although the present paper may include a combination of alterations to the application or claims, or characterizations of claim scope or referenced art, Applicants are not conceding that previously pending claims in this application are not patentable over the cited references. Rather, any alterations and/or characterizations are made to strictly facilitate prosecution of this application. As such, reviewers of this or any parent, child,

or related prosecution history shall not reasonably infer that Applicants have made any disclaimers or disavowals of any subject matter supported by the present application.

Applicants have submitted amendments and arguments believed to be sufficient to overcome all of the outstanding rejections. Consequently, Applicants have not advanced every argument for the allowability of the claims over the references of record. As such, Applicants do not acquiesce to any of the Examiner's statements or characterizations not specifically traversed. If the Examiner should have any remaining questions or objections, a telephone interview to discuss and resolve these issues is respectfully requested.

The Commissioner is authorized to charge any fee under 37 CFR 1.16 and 1.17 that may be required during the **entire pendency** of the application to Deposit Account No. 50-4407. Please show our docket number with any transaction to the Deposit Account.

Respectfully submitted,

KPPB LLP


By /David J. Bailey/
David J. Bailey
Registration No. 59,632
949.852.0000

DJB/tld



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 71897 | 7590 | 11/16/2018 |

KPPB LLP
2190 S. Towne Centre Place
Suite 300
Anaheim, CA 92806

| EXAMINER |
|---|
| HARVEY, DAVID E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2481 | |

DATE MAILED: 11/16/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/144,776 | 05/02/2016 | JASON BRANESS | D1-00053.CON2 | 9215 |

TITLE OF INVENTION: Multimedia Distribution System for Multimedia Files with Interleaved Media Chunks of Varying Types

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/19/2019 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

PTOL-85 (Rev. 02/11)

## PART B FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE |
| | Commissioner for Patents |
| | P.O. Box 1450 |
| | Alexandria, Virginia 22313-1450 |

By fax, send to:     (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

71897          7590          11/16/2018

KPPB LLP
2190 S. Towne Centre Place
Suite 300
Anaheim, CA 92806

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/144,776 | 05/02/2016 | JASON BRANESS | D1-00053.CON2 | 9215 |

TITLE OF INVENTION: Multimedia Distribution System for Multimedia Files with Interleaved Media Chunks of Varying Types

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 02/19/2019 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HARVEY, DAVID E | 2481 | 386-337000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

**4a. Fees submitted:** ☐ Issue Fee  ☐ Publication Fee (if required)  ☐ Advance Order - # of Copies _____

**4b. Method of Payment:** *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web  ☐ Enclosed check  ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

PTOL-85 Part B (08-18) Approved for use through 01/31/2020          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/144,776 | 05/02/2016 | JASON BRANESS | D1-00053.CON2 | 9215 |

71897        7590        11/16/2018

KPPB LLP
2190 S. Towne Centre Place
Suite 300
Anaheim, CA 92806

| EXAMINER |
|---|
| HARVEY, DAVID E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2481 | |

DATE MAILED: 11/16/2018

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

| *Notice Requiring Inventor's Oath or Declaration* | Application No.<br>15/144,776 | Applicant(s)<br>JASON BRANESS | |
|---|---|---|---|
| | Examiner<br>HARVEY, DAVID E | Art Unit<br>2481 | |

This notice is an attachment to the Notice of Allowability (PTOL-37), or the Notice of Allowability For A Design Application (PTOL-37D).

An inventor's oath or declaration in compliance with 37 CFR 1.63 or 1.64 executed by or with respect to each inventor has not yet been submitted.

An oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each inventor (for any inventor for which a compliant oath, declaration, or substitute statement has not yet been submitted) MUST be filed <u>no later than the date on which the issue fee is paid.</u> See 35 U.S.C. 115(f). Failure to timely comply will result in ABANDONMENT of this application.

A properly executed inventor's oath to declaration has not been received for the following inventor(s):

If applicant previously filed one or more oaths, declarations, or substitute statements, applicant may have received an informational notice regarding deficiencies therein.

The following deficiencies are noted:

INFORMAL ACTION PROBLEMS
- A properly executed inventor's oath or declaration has not been received for the following inventor(s): **JASON BRANESS**, **CHRISTOPHER DURHAM**, **TIMOTHY SAYRE**, **BENJAMIN COTE**, **DARRIUS NGUYEN THOMPSON**, **JEROME ROTA**, **ALASTAIR MAYO**, **ERIC WILLIAM GRAB**, **JERALD DONALDSON**, **HEATHER HITCHCOCK**, **DAMIEN CHAVARRIA**, **ABOU UI AALA AHSAN**, **BRIAN T. FUDGE**, **ADAM H. LI**, and **MICHAEL JOHN FLOY**.
  Applicant may submit the inventor's oath or declaration at any time before the Notice of Allowance and Fee(s) Due, PTOL-85, is mailed.

Questions relating to this Notice should be directed to the Application Assistance Unit at 571-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No.<br>15/144,776 | Applicant(s)<br>BRANESS et al. | |
|---|---|---|---|
| | Examiner<br>DAVID E HARVEY | Art Unit<br>2481 | AIA Status<br>No |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>11/8/2018</u>.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>1-3,6-11 and 14-20</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐All      b) ☐ Some      *c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
       * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file areply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☑ Notice of References Cited (PTO-892)
2. ☑ Information Disclosure Statements (PTO/SB/08),
       Paper No./Mail Date <u>See Continuation Sheet</u>.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413),
       Paper No./Mail Date. _____ .

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

| /DAVID E HARVEY/<br>Primary Examiner, Art Unit 2481 | |
|---|---|

Continuation of Attachment(s) 2. Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date: 11/8 /2018, 11/8/2018, 11/8/2018, and 11/8/2018