# Exhibit 7

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

CERTIFICATE OF ELECTRONIC FILING

*I hereby certify that this correspondence is being electronically filed with the United States Patent and Trademark Office on February 3, 2017 at or before 11:59 p.m. Pacific Time under the Rules of 37 CFR § 1.8.*

/Katrina Lee/
Katrina Lee

| | | |
|---|---|---|
| Appl No. | : 14/632,670 | Confirmation No. 5313 |
| Applicant | : Roland Osborne | |
| Filed | : February 26, 2015 | |
| Title | : Video Distribution System Including Progressive Playback | |
| TC/A.U. | : 2451 | |
| Examiner | : Glenford J. Madamba | |
| Docket No. | : D1-00642.CON2 | |
| Customer No. | : 71897 | |

AMENDMENT ACCOMPANYING
REQUEST FOR CONTINUED EXAMINATION

Mail Stop RCE
Commissioner for Patents                              2400 E. Katella, Suite 1050
P.O. Box 1450                                         Anaheim, CA  92806
Alexandria, VA 22313-1450                             February 3, 2017

Commissioner:

In response to the Office action dated November 3, 2016, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1-20.   (Canceled)

21.   (Currently Amended) A method for obtaining media from a media file for playback on a playback device from a remote server, the media [[file ]]formatted to represent media as chunks, comprising:

download an index from a remote media file, using a playback engine implemented on the playback device, wherein the index is used to convert a chunk reference into a specific HTTP request byte range for use in downloading;

request chunks for downloading based upon a received instruction and maintain a queue of the requested chunks, using the playback engine implemented on the playback device, wherein the requested chunks are downloaded by identifying byte ranges of the media chunks [[file ]]corresponding to a sequence of key frames identified for the received instruction;

receive a requested chunk and remove the received chunk from the queue of requested chunks, using the playback engine implemented on the playback device;

maintain a playback queue of received chunks for playback pending commencement of playback by the playback device, using the playback engine implemented on the playback device; and

provide chunks maintained in the playback queue to a decoder to enable playing of the media by the playback device, using the playback engine implemented on the playback device.

22.   (Previously Presented) The method of claim 21, wherein the chunks are requested based upon an earliest deadline first selection strategy.

2

23. (Previously Presented) The method of claim 21, wherein chunks are requested prior to the downloading of the entire index.

24. (Previously Presented) The method of claim 21, wherein chunks from a start of a media sequence are downloaded simultaneously as the index is downloaded.

25. (Previously Presented) The method of claim 21, wherein playing of the media comprises determining a sufficient amount of the media has been downloaded, wherein a buffered length is determined by a length of a playback list shared with the downloaded chunks.

26. (Previously Presented) The method of claim 21, wherein the queue of requested chunks is a list of index entries for the requested chunks.

27. (Previously Presented) The method of claim 21, further comprising polling the download status of the requested chunks.

28. (Previously Presented) The method of claim 21, wherein the received instruction is a trick play instruction and requesting only key frames that are spaced throughout the media sequence at a timing determined by a rate of the trick play instruction.

29. (Previously Presented) The method of claim 28, wherein the spacing is a multiple of a trick play frame rate.

30. (Currently Amended) A <u>playback device</u> ~~system~~ for streaming media content, the <u>playback device</u> ~~system~~ comprising:
 at least one hardware processor that is configured to:
 download an index from a remote media file, wherein the index is used to convert a chunk reference into a specific <u>HTTP request</u> ~~byte range~~ for use in downloading;

request chunks for downloading based upon a received instruction and maintain a queue of the requested chunks, wherein the requested chunks are downloaded by identifying ~~byte ranges of the~~ media chunks [[file ]]corresponding to a sequence of key frames identified for the received instruction;

receive a requested chunk and remove the received chunk from the queue of requested chunks;

maintain a playback queue of received chunks for playback pending commencement of playback by the playback device; and

provide chunks maintained in the playback queue to a decoder to enable playing of the media by the playback device.

31.  (Previously Presented) The method of claim 30, wherein the chunks are requested based upon an earliest deadline first selection strategy.

32.  (Previously Presented) The method of claim 30, wherein chunks are requested prior to the downloading of the entire index.

33.  (Previously Presented) The method of claim 30, wherein chunks from a start of a media sequence are downloaded simultaneously as the index is downloaded.

34.  (Previously Presented) The method of claim 30, wherein playing of the media comprises determining a sufficient amount of the media has been downloaded, wherein a buffered length is determined by a length of a playback list shared with the downloaded chunks.

35.  (Previously Presented) The method of claim 30, wherein the queue of requested chunks is a list of index entries for the requested chunks.

36.  (Previously Presented) The method of claim 30, further comprising polling the download status of the requested chunks.

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

37. (Previously Presented) The method of claim 30, wherein the received instruction is a trick play instruction and requesting only key frames that are spaced throughout the media sequence at a timing determined by a rate of the trick play instruction.

38. (Previously Presented) The method of claim 37, wherein the spacing is a multiple of a trick play frame rate.

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

## **REMARKS/ARGUMENTS**

### SUMMARY OF THE AMENDMENTS

Claims 21-38 are currently pending in this application. Claims 21 and 30 have been amended in this response. Support for these amendments can be found throughout the specification, and at least at paragraphs 0041, 0043-0044, 0046-0047, and 0061-0063. Applicant submits that no new matter is introduced in this response.

### SUMMARY OF THE OFFICE ACTION

The Office Action dated November 3, 2016 (hereinafter "Office Action") contains the following objections and rejections:

- Claims 29 and 38 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form;
- Claims 21, 24, 30 and 33 are rejected under 35 U.S.C. § 103 as being unpatentable over U.S. Patent 2007/0162568 to Gupta et al. ("Gupta") in view of U.S. Patent Publication 2003/0077071 to Lin et al. ("Lin"), and further in view of U.S. Patent Publication 2008/0022005 ("Wu");
- Claims 22, 23, 26, 28, 31, 32, 35 and 37 are rejected under 35 U.S.C. § 103 as being unpatentable over Gupta in view of Lin in view of Wu, and further in view of U.S. Patent Publication 2006/0129909 to Butt et al. (hereinafter "Butt");
- Claims 25 and 34 are rejected under 35 U.S.C. § 103 as being unpatentable over Gupta in view of Lin in view of Wu, and further in view of U.S. Patent Publication 2006/0161635 to Lamkin et al. (hereinafter "Lamkin");
- Claims 27 and 36 are rejected under 35 U.S.C. § 103 as being unpatentable over Gupta in view of Lin in view of Wu, and further in view of U.S. Patent Publication 20070209005 to Shaver et al. (hereinafter "Shaver").

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

### 35 U.S.C. § 103 REJECTIONS

**REJECTION OF CLAIM 21**

With respect to claim 21, the Office Action states the claim is unpatentable over Gupta in view of Lin and further in view of Wu. As discussed below, Applicant respectfully submits that the combination of Gupta in view of Lin and Wu fails to support a *prima facie* case of obviousness with respect to claim 21 as amended.

The Proposed Combination Fails to Teach all Aspects of Claim 21

Claim 21 as amended provides for the processes of the method to be performed "using a playback engine." The Office Action does not assert any teaching of these newly added limitations in any of the cited references. Specifically, Gupta provides a method for "dynamic generation of media content *at the point that content is served*. . . . and is driven by a request for media content *from a client* . . ." The disclosure of Gupta is related to "serving" media (Gupta, paras. 0002, 0015) from a server 110 communicating with a client 105. The content index 130 of Gupta, cited by the Office Action (Office Action, p. 4), is a part of server 110 (Gupta, FIG. 1). Further, "fast forward" or "slow motion" requests described in Gupta (paras. 0041-0042) are received at the server 110, which may perform data modifications accordingly. Thus, the Office Action does not assert any teaching in Gupta of the processes of the method being performed "using a playback engine" as required by the language of amended claim 21. Indeed, the claimed invention specifically seeks to improve upon prior art systems similar to those described in Gupta by enabling simplification of server processing and instead relying upon playback devices to determine the appropriate responses to instructions.

The Office Action also does not assert any teaching in Lin or Wu of the above-discussed limitations. Therefore, Applicant respectfully submits that the combination of Gupta in view of Lin and further in view of Wu fails to teach each and every limitation of claim 21. Accordingly, Applicant respectfully submits that claim 21 is patentable due to the failure of the identified combination of teachings from Gupta, Lin and Wu to disclose the limitations of claim 21 as amended.

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

Conclusion

For reasons including those stated above, Applicant respectfully submits that the proposed combination of Gupta, Lin and Wu fails to support a *prima facie* case of obviousness with respect to claim 21. Accordingly, Applicant respectfully requests that the rejection of claim 21 be withdrawn.

### REJECTION OF CLAIM 30

Claim 30 as amended includes limitations similar to those of amended claim 21. Thus, Applicant respectfully submits that this claim is allowable for reasons similar to those discussed above with regard to claim 21. Accordingly, Applicant respectfully requests that the rejection of this claim be withdrawn.

### REJECTIONS OF CLAIMS 22-29 AND 31-38

Claims 22-29 depend from claim 21, and claims 31-38 depend from claim 30. Applicant respectfully submits that these claims are allowable for reasons including those outlined above with respect to claims 21 and 30, and because Applicant has not found any teaching in Butt, Lamkin or Shaver to cure the deficiencies of Gupta, Lin and Wu. Accordingly, Applicant respectfully requests that the rejections of these claims be withdrawn.

### ALLOWABLE SUBJECT MATTER

Applicant appreciates the Examiner's conditional allowance of claims 29 and 38 if rewritten in independent form. However, Applicant respectfully pursues the claims as currently amended.

APPLN NO. 14/632,670
RESPONSE TO OFFICE ACTION DATED NOVEMBER 3, 2016

## CONCLUSION

In view of the foregoing amendments and remarks, it is respectfully submitted that this application is in condition for allowance. Accordingly, reconsideration of the application and allowance of the claims are respectfully requested. Although the present paper may include a combination of alterations to the application or claims, or characterizations of claim scope or referenced art, Applicant is not conceding that previously pending claims in this application are not patentable over the cited references. Rather, any alterations and/or characterizations are made to strictly facilitate prosecution of this application. As such, reviewers of this or any parent, child, or related prosecution history shall not reasonably infer that Applicants have made any disclaimers or disavowals of any subject matter supported by the present application. Applicants have submitted amendments and arguments believed to be sufficient to overcome all of the outstanding rejections.

Consequently, Applicant has not advanced every argument for the allowability of the claims over the references of record. As such, Applicant does not acquiesce to any of the Examiner's statements or characterizations not specifically traversed. If the Examiner should have any remaining questions or objections, a telephone interview to discuss and resolve these issues is respectfully requested.

The Commissioner is authorized to charge any fee under 37 CFR 1.16 and 1.17 which may be required during the **entire pendency** of the application to Deposit Account No. 50-4407. Please show our docket number with any transaction to the Deposit Account.

                                                             Respectfully submitted,
                                                           KPPB LLP

                                       By   /Faye H. Teng/
                                             Faye H. Teng
                                             Registration No. 62,444
                                             949.852.0000

FHT/kl



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | | |
|---|---|---|---|
| 71897 | 7590 | 05/19/2017 | |
| KPPB LLP | | | |
| 2400 EAST KATELLA AVENUE | | | |
| SUITE 1050 | | | |
| ANAHEIM, CA 92806 | | | |

| EXAMINER |
|---|
| MADAMBA, GLENFORD J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2451 | |

DATE MAILED: 05/19/2017

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/632,670 | 02/26/2015 | Roland Osborne | D1-00642.CON2 | 5313 |

TITLE OF INVENTION: VIDEO DISTRIBUTION SYSTEM INCLUDING PROGRESSIVE PLAYBACK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 08/21/2017 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

71897   7590   05/19/2017

KPPB LLP
2400 EAST KATELLA AVENUE
SUITE 1050
ANAHEIM, CA 92806

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/632,670 | 02/26/2015 | Roland Osborne | D1-00642.CON2 | 5313 |

TITLE OF INVENTION: VIDEO DISTRIBUTION SYSTEM INCLUDING PROGRESSIVE PLAYBACK

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $960 | $0 | $0 | $960 | 08/21/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MADAMBA, GLENFORD J | 2451 | 709-203000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

   PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

   (A) NAME OF ASSIGNEE                     (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
   ☐ Issue Fee
   ☐ Publication Fee (No small entity discount permitted)
   ☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
   ☐ A check is enclosed.
   ☐ Payment by credit card. Form PTO-2038 is attached.
   ☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
   ☐ Applicant certifying micro entity status. See 37 CFR 1.29     NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
   ☐ Applicant asserting small entity status. See 37 CFR 1.27     NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
   ☐ Applicant changing to regular undiscounted fee status.     NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/632,670 | 02/26/2015 | Roland Osborne | D1-00642.CON2 | 5313 |

| | | | EXAMINER |
|---|---|---|---|
| 71897 | 7590 | 05/19/2017 | MADAMBA, GLENFORD J |

KPPB LLP
2400 EAST KATELLA AVENUE
SUITE 1050
ANAHEIM, CA 92806

| ART UNIT | PAPER NUMBER |
|---|---|
| 2451 | |

DATE MAILED: 05/19/2017

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

| *Notice Requiring Inventor's Oath or Declaration* | Application No. 14/632,670 | Applicant(s) Roland Osborne | |
|---|---|---|---|
| | Examiner MADAMBA, GLENFORD J | Art Unit 2451 | |

This notice is an attachment to the Notice of Allowability (PTOL-37), or the Notice of Allowability For A Design Application (PTOL-37D).

An inventor's oath or declaration in compliance with 37 CFR 1.63 or 1.64 executed by or with respect to each inventor has not yet been submitted.

An oath or declaration in compliance with 37 CFR 1.63, or a substitute statement in compliance with 37 CFR 1.64, executed by or with respect to each inventor (for any inventor for which a compliant oath, declaration, or substitute statement has not yet been submitted) MUST be filed <u>no later than the date on which the issue fee is paid.</u> See 35 U.S.C. 115(f). Failure to timely comply will result in ABANDONMENT of this application.

A properly executed inventor's oath to declaration has not been received for the following inventor(s):

If applicant previously filed one or more oaths, declarations, or substitute statements, applicant may have received an informational notice regarding deficiencies therein.

The following deficiencies are noted:

INFORMAL ACTION PROBLEMS

**A new inventor's oath or declaration that identifies this application (e.g., by Application Number and filing date) is required. The inventor's oath or declaration does not comply with 37 CFR 1.63 in that it:**

- does not state that the above-identified application was made or authorized to be made by the person executing the oath or declaration: **Roland Osborne**.

Questions relating to this Notice should be directed to the Application Assistance Unit at 571-272-4200.

U.S. Patent and Trademark Office
PTO-2306 (01-13)  **Notice Requiring Inventor's Oath or Declaration**

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| Notice of Allowability | Application No. 14/632,670 | Applicant(s) OSBORNE, ROLAND | |
|---|---|---|---|
| | Examiner GLENFORD MADAMBA | Art Unit 2451 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *3 February 2017*.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *21-38*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All    b) ☐ Some    *c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/GLENFORD MADAMBA/
Primary Examiner, Art Unit 2451

Application/Control Number: 14/632,670  Page 2
Art Unit: 2451

### Continued Examination Under 37 CFR 1.114

1. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's claim amendments and IDS submission dated February 3, 2017 has been entered.

### Allowable Subject Matter

1. The numbering of original claims 1-20 is renumbered 1-18. Claims 1-20 have been canceled.

2. The following is an examiner's statement of reasons for allowance:

The Office has deemed Applicant's latest filed claim amendments and corresponding remarks (dated 2/3/2017) persuasive to overcome the current rejection of the claims over the applied prior art references and/or any other reasonable rejection of the claims over additional candidate prior art and/or prior art combination, and the claims are thus considered in condition

Application/Control Number: 14/632,670 Page 3
Art Unit: 2451

for patentability (**MPEP § 1302.14**). In particular, the Office notes that none of the currently applied prior art references, nor any other candidate prior art reference expressly and sufficiently discloses the amended features of a 'playback engine implemented of a playback device' performing the steps of "downloading an index from a remote media file...", "requesting chunks for downloading based upon a received instruction and maintaining a queue of the requested chunks...", "receiving a requested chunk and removing the chunk from the queue of requested chunks...", "maintaining a playback queue of the receiving chunks for playback pending commencement of playback by the playback device...", and "providing chunks maintained in the playback maintained in the playback queue to a decoder to enable playing of the media by the playback device...".

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

3. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Glenford Madamba whose telephone number is 571-272- 7989. The examiner can normally be reached on Monday-Friday 7:00AM-4: 30PM, first Fridays OFF.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Christopher Parry can be reached on 571-272-8328. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306. Information regarding the

Application/Control Number: 14/632,670　　　　　　　　　　　　　　　　　　　　　Page 4
Art Unit: 2451

status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only.

　　For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, .contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/GLENFORD MADAMBA/

Primary Examiner, Art Unit 2451