Roman M. Silberfeld, SBN 62783
RSilberfeld@RobinsKaplan.com
Daniel L. Allender, SBN 264651
DAllender@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
Telephone:   (310) 552-0130
Facsimile:    (310) 229-5800

David M. Stein, SBN 198256
DStein@BrownRudnick.com
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone:  (949) 440-0231
Facsimile:   (949) 486-3686

Christopher A. Seidl
(*pro hac vice*)
CSeidl@RobinsKaplan.com
Aaron R. Fahrenkrog
(*pro hac vice*)
AFahrenkrog@RobinsKaplan.com
Shui Li (*pro hac vice*)
SLi@Robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402
Telephone:   (612) 349-8500
Facsimile:    (612) 339-4181

Attorneys for Plaintiff
*DivX, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>HULU, LLC, a Delaware limited liability company,<br><br>            Defendant. | Case No. 2:21-cv-01615-PSG-DFM<br><br>**DIVX, LLC'S OPPOSITION TO HULU, LLC'S MOTION TO DISMISS PRE-SUIT DAMAGES** |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.   FACTS .................................................................................................................2

III.  THE RELIEF HULU SEEKS IS NOT AVAILABLE AT THIS STAGE OF THE CASE. ...................................................................................................4

    A.   DivX's complaint sufficiently pleads patent infringement claims and an entitlement to relief, and Rule 12(b)(6) does not allow dismissal of a portion of the remedy. ...............................................................5

    B.   Any dispute as to § 287(a) is speculative and not ripe, because Section 287(a) does not impose an obligation to plead additional facts in a complaint. ........................................................................6

        i.   Section 287(a) cannot impose a pleading requirement because whether it applies depends on future events. ...........................6

        ii.  Hulu's motion fails to recognize that *Arctic Cat* uses the word "pleading" in dicta that do not address the current state of the law. ................................................................................................9

    C.   The parties can establish a disclosure schedule to identify and narrow any actual disputes without the Court's involvement. ...................11

IV.  CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Andrawes v. Flora Media, Inc.*,
  No. CV 18-0431 FMO (PLAx), 2018 WL 1942197 (C.D. Cal. Mar. 16, 2018) .................................................................................................................. 5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) .................................................................. 6, 8, 9, 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  950 F.3d 860 (Fed. Cir. 2020) ............................................................................... 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 10

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ............................................................................... 12

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-1112-JRG, 2015 WL 11089750 (E.D. Tex. Aug. 10, 2015) ... 8, 12

*Co-Steel Raritan, Inc. v. Int'l Trade Comm'n*,
  357 F.3d 1294 (Fed. Cir. 2004) ............................................................................. 9

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ............................................................................. 7

*Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ............................................................................. 7

*Dunlap v. Schofield*,
  152 U.S. 244 (1894) ........................................................................................ 9, 10

*Express Mobile, Inc. v. DreamHost LLC*,
  No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019) ............ 9

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983) ............................................................................. 7

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996) ............................................................................. 10

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
 853 F.3d 1370 (Fed. Cir. 2017) ................................................................................ 8

*Shimy v. Wright Med. Tech., Inc.*,
 No. CV 14-04541-CAS (RZx), 2014 WL 3694140 (C.D. Cal. July 23, 2014) .......................................................................................................................... 5

*Sturm v. Rasmussen*,
 No. 18-cv-01689-W-BLM, 2019 WL 626167 (S.D. Cal. Feb. 14, 2019) ........... 5

*Whittlestone, Inc. v. Handi-Craft Co.*,
 618 F.3d 970 (9th Cir. 2010) ..................................................................................... 5

**Statutes**

35 U.S.C. § 271 ..................................................................................................................... 5

35 U.S.C. § 287 ..................................................................................................................... 6

35 U.S.C. § 287(a) ....................................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 4, 5

Fed. R. Civ. P. 8 ............................................................................................................. 9, 10

N.D. Cal. Patent L.R. 3-1, 3-2 ....................................................................................... 11

## I. INTRODUCTION

Hulu's motion is procedurally improper because the relief sought is not available under Rule 12. Hulu seeks to dismiss DivX's right to recover pre-suit damages. Pre-suit damages are one portion of one available remedy for the patent infringement claims DivX asserts. But the scope of pre-suit damages is not a claim; it is merely part of an available remedy. Hulu has not challenged that DivX has sufficiently alleged claims for patent infringement. Rule 12 is available to dismiss claims, but not certain remedies or parts of remedies. For this reason alone, Hulu's motion should be denied.

In any event, the issue of whether pre-suit damages are available is not ripe for adjudication. In a patent infringement case, the plaintiff can assert method patent claims, apparatus patent claims, or a mixture of both. The 35 U.S.C. § 287(a) statutory requirements for notice—on which Hulu bases its motion—apply only if the plaintiff asserts apparatus claims practiced by the patentee or its licensees. If DivX decides to assert only method claims, for example, or apparatus claims not practiced by DivX or its licensees, then § 287(a) will not apply, and DivX is entitled to pursue pre-suit damages for those claims.

This case has not yet progressed to the stage where DivX must select which claims it will assert at trial. Despite this, DivX has proposed a procedure to Hulu for handling this selection, as a way to resolve this unnecessary motion. Hulu so far has not agreed. Whether the parties ultimately agree to a claim selection procedure, the Court includes it as part of the case schedule, or it is part of fact discovery, the appropriate time will come when DivX must select which patent claims it will assert at trial. That selection drives whether, and to what extent, the marking statute applies. Before that selection, the marking issue Hulu raises is not ripe.

Even then, it may be premature to apply § 287(a). For example, DivX can assert a combination of both method and apparatus claims, but, if it later dismisses

the apparatus claims, pre-suit damages remain an available remedy for the method claims.  Thus, a categorical ruling barring pre-suit damages that Hulu seeks now, at the pleading stage, before the selection of asserted claims, and before the development of which claims will remain later in the case, invites error.

Finally, Hulu's attempt to impose a pleading requirement for the asserted claims is contrary to Federal Circuit precedent.  Neither the Federal Circuit nor the Federal Rules require a party to disclose its asserted claims in the complaint.  Nor has the Circuit required a party to plead compliance with the marking statute in the complaint.  Indeed, the controlling law suggests the decision on whether pre-suit damages are available as a remedy depends on what patent claims end up asserted for trial, and may depend on factual issues developed during discovery.  Hulu's assertions to the contrary are based on a misapplication of the law.  Its misapplication would require DivX to identify all asserted claims and all facts relating to marking in its initial complaint, forcing DivX to limit its case for trial before Hulu even answers the complaint.  Hulu's motion should be denied, and this issue should be addressed later, if and when it arises.

## II.  FACTS

DivX is a technology company with a history of innovation enabling and improving the delivery of digital video over the internet.  Dkt. 1, Complaint, ¶¶ 13-31.  For over 20 years, DivX's engineers have delivered technology solutions for the video streaming market, and DivX continues to deliver those technologies to customers today to improve the digital video experience.[1]  *Id.*

Hulu has used DivX's patented technologies to implement its video streaming service for tens of millions of users.  *See, e.g., id.* ¶¶ 32-44.  DivX filed a

---

[1] Hulu is thus incorrect that "DivX is a patent holding entity."  Dkt. 48-1 at 1. DivX owns patents arising from its engineers' 20-year history of product innovation.  DivX, LLC today carries on the business of the predecessor entity, also an operating company, that Hulu references in its brief.

first complaint for patent infringement against Hulu on March 5, 2019, alleging that Hulu infringes seven DivX patents. *DivX, LLC v. Hulu, LLC*, No. 2:19-cv-1606, Complaint, Dkt. 1 (C.D. Cal. Mar. 5, 2019). That case remains stayed pending *inter partes* review of certain claims from some asserted patents.

    DivX filed its complaint in this matter on February 22, 2021, alleging that Hulu infringes five additional DivX patents under 35 U.S.C. § 271(a) and § 271(b). Dkt. 1 ¶¶ 5-9, 170-296, p. 131 (Prayer for Relief). DivX alleged that Hulu both "has infringed and continues to infringe." *Id.* ¶ 5.[2] DivX also alleged that it "seeks damages and other relief for Hulu's infringement," *id.* ¶ 9, and "Hulu's infringement has caused and continues to cause damage to DivX, and DivX is entitled to recover damages sustained as a result of Hulu's wrongful acts in an amount subject to proof at trial." *Id.* ¶¶ 222, 233, 250, 273, 296. DivX's complaint requests "an order, pursuant to 35 U.S.C. § 284, awarding to DivX, damages adequate to compensate for Hulu's infringement of the DivX Patents (and, if necessary, related accountings), in an amount to be determined at trial, but not less than a reasonable royalty." *Id.* at p. 131 (Prayer for Relief).

    Hulu requested an extension of time to respond to DivX's complaint, extending its deadline to May 3, 2021. Dkt. 42. On April 26, 2021, Hulu's counsel requested a time to meet-and-confer regarding Hulu's Rule 12 motion. Ex. A[3] at 6 (email exchange between DivX's counsel and Hulu's counsel, Apr. 26 to May 3, 2021). The parties met and conferred on April 27, 2021. *Id.* at 3-4.

    During that conference, DivX told Hulu that the alleged dispute to be addressed by its motion was speculative, not yet ripe, and addressable by the parties

---

[2] *See also* ¶¶ 11, 44, 185, 186, 203, 221, 231, 232, 248, 249, 271, 272, 295 (alleging continuing infringement of all asserted patents under § 271(a) and § 271(b)).

[3] Citations to "Ex. __" refer to the Declaration of Aaron R. Fahrenkrog in support of DivX, LLC's Opposition to Hulu, LLC's Motion to Dismiss Pre-Suit Damages, filed with this memorandum.

without a motion. Ex. A at 3. DivX proposed that the parties instead negotiate a schedule of disclosures that would allow the parties to identify and resolve any potential dispute without the need for the Court's involvement. *Id.* DivX further described the proposed resolution in writing. *Id.* On May 3, Hulu refused DivX's proposal and filed its motion. *Id.* at 1-2.

### III. THE RELIEF HULU SEEKS IS NOT AVAILABLE AT THIS STAGE OF THE CASE.

Hulu's motion rests on two fundamental errors. First, Hulu seeks dismissal of pre-suit damages, which is part of one remedy available for DivX's patent infringement claims. Hulu does not challenge that DivX has pleaded claims for patent infringement. But Rule 12(b)(6) addresses claims, not remedies, and so the relief Hulu seeks is not available.

Second, Hulu's interpretation of the law regarding pleading requirements for § 287(a) is incorrect. Hulu erroneously interprets § 287(a) to require heightened pleading standards based solely on dicta that comes from a century-old case addressing different pleading standards. Under today's laws, any disputes as to marking are appropriately handled by adopting procedures to provide the disclosures that will determine whether § 287(a) may apply and whether any actual dispute as to marking exists.

Under Federal Circuit precedent, any marking requirements under § 287(a) will depend on which specific patent claims DivX asserts. For example, if it asserts only method claims, the statute will not apply. Depending on the apparatus claims DivX asserts, and facts revealed in discovery, § 287(a) may not apply. Thus, this issue of whether pre-suit damages will be an available remedy is not yet ripe, and dismissal would be premature.

### A. DivX's complaint sufficiently pleads patent infringement claims and an entitlement to relief, and Rule 12(b)(6) does not allow dismissal of a portion of the remedy.

Hulu does not dispute that DivX's complaint properly states claims for patent infringement and an entitlement to damages relief. Rule 12(b)(6), therefore, does not apply.

Rule 12(b)(6) does not allow dismissal of pre-suit damages for DivX's infringement claims, because the Rule does not apply to portions of requested relief. *See, e.g., Sturm v. Rasmussen*, No. 18-cv-01689-W-BLM, 2019 WL 626167, at *2-*3 (S.D. Cal. Feb. 14, 2019) (addressing punitive damages and agreeing with "the growing number of district court cases finding Rule 12(b)(6) generally inapplicable to damages prayers"); *see also Andrawes v. Flora Media, Inc.*, No. CV 18-0431 FMO (PLAx), 2018 WL 1942197, at *2 (C.D. Cal. Mar. 16, 2018) (finding that punitive damages—a portion of the relief requested—is "but a remedy" and therefore "neither constitutes a claim nor pertains to whether a claim has been stated"). Instead, Rule 12(b)(6) applies only to failure to state a "claim."[4] *See Shimy v. Wright Med. Tech., Inc.*, No. CV 14-04541-CAS (RZx), 2014 WL 3694140, at *4 (C.D. Cal. July 23, 2014) (holding that the availability of a particular type of damages "is not a 'claim' and is not the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6)").

"Pre-suit damages" is not a separate "claim" subject to Rule 12(b)(6). The "claims" at issue are infringement under 35 U.S.C. § 271, which DivX pleaded and

---

[4] If Rule 12(b)(6) ever could apply to damages, it would be only if the complaint does not plead facts showing an entitlement to *any* relief. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 972-74 (9th Cir. 2010) (addressing the possibility, but not holding, that Rule 12(b)(6) might address damages claims where the complaint does not plead entitlement to *any* relief). That is not the case here. DivX's patents have not expired, and DivX's complaint asserts infringement both before and after the complaint's filing. Dkt. 1 ¶¶ 5, 222, 233, 250, 273, 296.

Hulu does not contest. Dkt. 1 at ¶¶ 5-9, 170-296, p. 131 (Prayer for Relief). Hulu also does not dispute that DivX has pleaded an entitlement to damages relief for Hulu's infringement. *Id.* ¶¶ 9, 222, 233, 250, 273, 296, p. 131 (Prayer for Relief). Section 287 recites a "[l]imitation on damages and other remedies" for an infringement claim. 35 U.S.C. § 287; *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("Section 287 . . . is a limitation on damages . . . .") ("*Arctic Cat*" or "*Arctic Cat I*"). The statute does not establish an independent "claim" for recovering "past damages," and the Federal Circuit, to DivX's knowledge, has never interpreted it in such a way.

**B.    Any dispute as to § 287(a) is speculative and not ripe, because Section 287(a) does not impose an obligation to plead additional facts in a complaint.**

The Federal Circuit has never held that a patentee must address § 287(a) in the complaint to preserve the potential to obtain pre-suit damages. The Circuit has not addressed this issue, and its case law relating to § 287(a) and to pleadings for patent infringement show that Hulu's interpretation of the law is incorrect.

**i.    Section 287(a) cannot impose a pleading requirement because whether it applies depends on future events.**

Section 287(a) does not impose a requirement to allege facts in the complaint relating to marking because whether the statute might apply at all depends on events that arise after the complaint is filed, during litigation and at trial. Hulu's motion ignores this conflict with Federal Circuit law, instead asking the Court to preemptively eliminate a portion of DivX's potential damages and deny DivX the right to prepare its case for trial under the Federal Rules and the schedule the Court will establish.

For example, § 287(a) does not apply if a patentee asserts only method claims from a patent, even if the patent also includes apparatus claims. *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir.

2009) (citing *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082-83 (Fed. Cir. 1983)).  Here, four of DivX's five asserted patents recite both method and apparatus claims.  DivX has not yet selected asserted claims, and thus, at this time, whether § 287(a) may apply to those patents cannot be determined.[5]

Hulu's proposed approach would eliminate the normal course of disclosures and instead require DivX to disclose all asserted claims in the complaint to satisfy § 287(a).  This would impose a heightened pleading standard that neither the Federal Rules nor the case law requires.  Hulu argues that "[n]othing in the Complaint limits DivX to asserting only method claims from any asserted patent."  Dkt. 48-1 (Motion) at 14.  But nothing in the Complaint precludes DivX from making such selections, and nothing in the law requires a patentee to limit its asserted claims in its complaint.  Pleading standards for patent infringement do not require the plaintiff to select any specific set of asserted claims in the complaint.  *See Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1259-60 (Fed. Cir. 2018) (finding that complaint stated a claim for infringement despite not identifying any specific patent claim).  The complaint thus does not define the "asserted" claims for purposes of determining whether § 287(a) applies.

Indeed, the Federal Circuit's decisions show that whether § 287(a) applies depends on the claims asserted later—even at trial.  *See Hanson*, 718 F.3d at 1083 (explaining that although the patent included apparatus claims, "[t]he only claims that were *found infringed*" were method claims, so § 287(a) did not apply (emphasis added)).  Likewise, one district court held that § 287(a) did not apply

---

[5] In discovery, DivX will disclose specific claims from each patent that it intends to assert.  For example, in the other ongoing litigation between the parties, DivX disclosed an initial set of asserted claims within 11 weeks of Hulu's answer, and it narrowed those asserted claims 10 weeks later based on initial exchanges between the parties.  *DivX, LLC v. Hulu, LLC*, No. 2:19-cv-1606, Dkt. 75 (Answer dated Nov. 22, 2019), Dkt. 87 (Scheduling Order establishing dates for DivX to disclose and narrow asserted claims).

DIVX'S OPPOSITION TO MOTION TO DISMISS PRE-SUIT DAMAGES

where a patentee asserted both apparatus and method claims in its infringement contentions but dropped the apparatus claims later in the case, such that "those claims will never be asserted before the jury once trial begins." *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *3-*4 (E.D. Tex. Aug. 10, 2015). These cases confirm that dismissal of pre-suit damages at this stage would not be appropriate.

The Federal Circuit also has said that § 287(a) may apply on a claim-by-claim basis, not patent-by patent. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, 853 F.3d 1370, 1384-85 (Fed. Cir. 2017). It has not resolved this open issue. *Id.* Again, § 287(a)'s limitation on pre-suit damages may apply to some claims and not others—whether the statute may apply, and to which claims, will be developed during litigation.

During discovery, DivX will disclose its asserted claims and allegations relating to § 287(a), and those disclosures will show whether § 287(a) may apply in this case, allowing the parties to conduct discovery on the issue. At trial, if DivX presents apparatus claims, Hulu will "bear[] an initial burden of production to articulate the products it believes are unmarked 'patented articles'" allegedly practicing the selected claims. *Arctic Cat I*, 876 F.3d at 1368. DivX then will bear the burden of proof, if it seeks past damages, to establish either that it satisfied § 287(a) for those products before filing suit or that those products do not practice the selected claims. *Id.* at 1368-69; *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 863 (Fed. Cir. 2020) ("We held that once an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving that the identified products do not practice the claimed invention." (addressing *Arctic Cat I*, 876 F.3d at 1368)).

Until these issues take shape under the Court's schedule, any potential dispute under § 287(a) is not yet ripe. A limitation that depends on events that will

occur after a patentee's complaint cannot impose a pleading requirement subject to Rules 8 and 12(b)(6).

### ii. Hulu's motion fails to recognize that *Arctic Cat* uses the word "pleading" in dicta that do not address the current state of the law.

Hulu's motion depends entirely on interpreting dicta from the *Arctic Cat* case to infer a pleading requirement. But such a requirement does not exist under today's laws. Hulu incorrectly presents dicta as binding precedent. Hulu's motion fails to address that the cases cited in *Arctic Cat* describe the fact-based pleading standard that existed before the Federal Rules. Hulu's only other support for its pleading demands is the District of Delaware's opinion in the *Express Mobile* case,[6] which adopted the erroneous reasoning Hulu presents here.

Although *Arctic Cat* uses the word "pleading," it does not actually address pleading requirements for § 287(a) under Rule 8. *Arctic Cat I*, 876 F.3d at 1365-66 ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." (citations omitted)). Its comments about "pleading" are dicta, because the case addressed only the burdens of production and proof under § 287(a) at trial. *Id.* at 1368-69.[7]

The other cases cited in *Arctic Cat* show that the case does not address modern pleading standards. Arctic *Cat*'s "pleading" dicta cites *Dunlap v. Schofield*, an 1894 Supreme Court case addressing a predecessor statute to § 287(a).

---

[6] *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) (applying *Arctic Cat*'s statement without examining its basis or conflicts with other binding Federal Circuit precedent).

[7] The Federal Circuit recognizes that dicta are "statements made by a court that are unnecessary to the decision in the case," and "[b]ecause statements made in dicta do not implicate the substantive holding of the case, they cannot be considered binding authority." *Co-Steel Raritan, Inc. v. Int'l Trade Comm'n*, 357 F.3d 1294, 1307-08 (Fed. Cir. 2004) (quotations omitted).

*Arctic Cat I*, 876 F.3d at 1366 (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). *Dunlap* addresses marking under a different pleading regime: fact-based pleading, which required the patentee to plead every fact it would prove in its case at trial. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (explaining that the Federal Rules eliminated fact pleading). *Dunlap* addresses only the fact-based "principles of pleading" in effect in 1894, 152 U.S. at 248, before Rule 8 took effect in 1938.

Neither the Federal Circuit nor any predecessor appellate court, to DivX's knowledge, has held that today's laws require a complaint to address § 287(a). Instead, opinions have repeated, like *Arctic Cat*, statements from *Dunlap* without considering the changes in law. For example, *Maxwell v. J. Baker, Inc.* (also cited in *Arctic Cat*) again cited *Dunlap* but addressed only evidence presented at trial and did not address pleading standards. 86 F.3d 1098, 1111 (Fed. Cir. 1996). The case addressed only the district court's assessment of the trial evidence in its rulings on the defendant's motion for judgment as matter of law. *Id.* at 1111-12.

*Arctic Cat* merely repeated the dicta from *Maxwell*, based on *Dunlap*, without considering the intervening changes in law. *Arctic Cat* does not stand for the proposition that a complaint must include facts addressing § 287(a) or what facts a complaint must allege—or could allege, as the application of § 287(a) depends on the claims to be asserted and the evidence to be presented at trial.

To interpret *Arctic Cat*'s dicta as requiring a patentee to plead facts satisfying a statute that may not apply would revert to the fact-based pleading required in *Dunlap* in 1894. Under Hulu's misinterpretation, a patentee would have to identify in its original complaint all claims (and only those claims) it intended to assert at trial. It would have to identify all of its products potentially practicing those claims. And it would have to address constructive or actual notice for each of those claims and products—potentially on a claim-by-claim basis, based on the Federal Circuit's statement in *Rembrandt*.

**C.     The parties can establish a disclosure schedule to identify and narrow any actual disputes without the Court's involvement.**

DivX has proposed an accelerated and efficient process for identifying initially asserted claims and information addressing § 287(a) for those claims. When Hulu told DivX it would file this motion, DivX proposed that the parties negotiate a schedule under which DivX would disclose exactly that information in a set of infringement contentions. Ex. A at 3.

The disclosures DivX proposed will allow the parties to determine whether they have any dispute relating to § 287(a) for the Court to resolve. Hulu will not suffer any prejudice from the timing of DivX's proposed disclosures. They will occur early in discovery and well before trial. They will allow Hulu, to the extent § 287(a) may apply to any claim asserted by DivX, to address its initial burden of production to identify allegedly unmarked products.

In the previously filed case between DivX and Hulu pending in this Court, Hulu agreed to a schedule by which DivX would make the disclosures proposed here. *DivX, LLC v. Hulu, LLC*, No. 2:19-cv-1606, Joint Rule 26(f) Report, Dkt. 79 at 11-12, 16 (proposing dates for DivX to make disclosures compliant with N.D. Cal. Patent Local Rules 3-1 and 3-2). The schedule adopted by the parties in that case expressly required DivX to identify "[e]ach claim of each patent in suit that is allegedly infringed by [Hulu]," to "identify separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim," and to produce "documents sufficient to show marking of such embodying accused instrumentalities." N.D. Cal. Patent L.R. 3-1(a), 3-1(g), 3-2(i).

The same or a similar disclosure schedule here will allow the parties to determine whether § 287(a) may even apply to DivX's infringement claims,

identify any disputes relating to § 287(a), and resolve or narrow those disputes to eliminate or minimize the need for the Court's involvement.[8]

## IV. CONCLUSION

DivX respectfully requests that the Court deny Hulu's motion for at least these reasons:

1. Rule 12(b)(6) does not apply to portions of relief requested for a claim.
2. Hulu has not challenged the sufficiency of DivX's allegations pleading claims for infringement under § 271(a) and § 271(b) and an entitlement to relief under § 284.
3. Section 287(a) does not provide a separate "claim" for past damages.
4. Section 287(a) does not create any pleading obligation for the patentee's complaint.
5. Whether § 287(a) may ultimately apply in this case is dependent on future disclosures and assertions during litigation and at trial.
6. The parties can identify and resolve or narrow any actual disputes relating to § 287(a) through the disclosure process proposed by DivX and adopted by the parties and Court in the other pending matter, No. 2:19-cv-01606-PSG.

In the alternative, DivX respectfully requests that the Court grant DivX leave to amend the complaint to cure any deficiencies. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ("Leave to amend shall be freely given when justice so requires.").

---

[8] Even if Hulu declines to accept DivX's proposal, it can discover, well before trial, the specific claims that DivX will assert and DivX's marking allegations for those claims. *See ContentGuard*, 2015 WL 11089750, at *4 (analyzing marking compliance in view of patentee's response to interrogatory addressing § 287(a)).

| | | |
|---|---|---|
| 1 | Dated:  May 28, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | **ROBINS KAPLAN LLP** |
| 4 | | By:   /s/ Aaron R. Fahrenkrog |
| 5 | | Roman M. Silberfeld, SBN 62783 |
| 6 | | RSilberfeld@RobinsKaplan.com |
| 7 | Christopher A. Seidl (*pro hac vice*) | Daniel L. Allender, SBN 264651 |
| | CSeidl@RobinsKaplan.com | DAllender@RobinsKaplan.com |
| 8 | Aaron R. Fahrenkrog (*pro hac vice*) | **ROBINS KAPLAN LLP** |
| | AFahrenkrog@RobinsKaplan.com | 2049 Century Park East, Suite 3400 |
| 9 | Bryan J. Mechell (*pro hac vice*) | Los Angeles, CA  90067 |
| 10 | BMechell@RobinsKaplan.com | Telephone: (310) 552-0130 |
| | Emily J. Tremblay (*pro hac vice*) | Facsimile: (310) 229-5800 |
| 11 | ETremblay@RobinsKaplan.com | |
| 12 | Shui Li (*pro hac vice*) | David M. Stein, SBN 198256 |
| | SLi@RobinsKaplan.com | DStein@BrownRudnick.com |
| 13 | Mary Pheng (*pro hac vice*) | **BROWN RUDNICK LLP** |
| 14 | MPheng@RobinsKaplan.com | 2211 Michelson Drive, 7th Floor |
| | Rajin Singh Olson (*pro hac vice*) | Irvine, CA 92612 |
| 15 | ROlson@RobinsKaplan.com | Telephone: (949) 440-0231 |
| 16 | Deanna Thompson (*pro hac vice*) | Facsimile:  (949) 486-3686 |
| | DThompson@RobinsKaplan.com | |
| 17 | **ROBINS KAPLAN LLP** | **ATTORNEYS FOR PLAINTIFF** |
| 18 | 800 LaSalle Avenue, Suite 2800 | **DIVX, LLC** |
| | Minneapolis, MN  55402 | |
| 19 | Telephone: (612) 349-8500 | |
| 20 | Facsimile:  (612) 339-4181 | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |